# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT, CDCR #C-48302,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>M. BAIRES, Correctional Lieutenant,<br><br>　　　　　　　　　　　　Defendant. | Civil No.　08-1165 MJL (PCL)<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On August 8, 2008, Plaintiff, a state inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 5]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 2, 2008 [Doc. No. 6].

On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all further proceedings [Doc. No. 9].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated during a disciplinary hearing related to a rules violation report.[1] "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or

---

[1] It is not clear whether Plaintiff is seeking the return of good time credits that were revoked at his disciplinary hearing. If Plaintiff is seeking the return of good time credits in this action, he may not do so until his disciplinary conviction has been invalidated by a direct appeal or other habeas corpus proceedings. *See Heck v. Humphrey*, 512 U.S. 475, 486-87 (1994). Under *Heck*, before Plaintiff may seek damages related to an allegedly unconstitutional parole revocation determination, he must allege facts to show that the parole decision has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the issuance of a writ of habeas corpus. *Id.* at 487; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (*Heck*'s "favorable termination" requirement applies to prison disciplinary proceedings which result in lost good-time credit.)

1 consequences of his disciplinary hearings which show "the type of atypical, significant
2 deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in
3 *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff
4 possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus
5 discretionary nature of the segregation; (2) the restricted conditions of the prisoner's
6 confinement and whether they amounted to a "major disruption in his environment" when
7 compared to those shared by prisoners in the general population; and (3) the possibility of
8 whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

9       Therefore, to establish a due process violation, Plaintiff must first show the deprivation
10 imposed an atypical and significant hardship on him in relation to the ordinary incidents of
11 prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
12 Court could find there were atypical and significant hardships imposed upon him as a result of
13 the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
14 of his confinement that would give rise to a liberty interest before he can claim a violation of due
15 process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
16 *by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed
17 to allege a liberty interest, and thus, has failed to state a due process claim. *See May*, 109 F.3d
18 at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486.

19       Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim
20 upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C.
21 §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend
22 his pleading to cure the defects set forth above.

23 <center>**III.**</center>

24 <center>**CONCLUSION AND ORDER**</center>

25       Good cause appearing, **IT IS HEREBY ORDERED** that:

26       Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** without prejudice for failing to state
27 a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).
28 However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed"

1  in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
2  above. Defendants not named and all claims not re-alleged in the Amended Complaint will be
3  deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

4  Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief
5  may be granted, it may be dismissed without further leave to amend and may hereafter be
6  counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79
7  (9th Cir. 1996).

9  DATED: January 28, 2009

10  _____
    M. James Lorenz
11  United States District Court Judge