UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **JAMES E. BRYANT,**<br><br>Plaintiff,<br><br>v.<br><br>**M. BAIRES, Correctional Lieutenant,**<br><br>Defendants. | Case No. 08cv1165 MJL (PCL)<br><br>**ORDER ON DEFENDANT'S REQUEST FOR RECONSIDERATION OF CASE MANAGEMENT CONFERENCE ORDER AND AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**(Fed. R. Civ. P. 16)**<br>**(Fed. R. Civ. P. 26)** |

On August 18, 2009, the Court held a telephonic Case Management Conference in the above-referenced case. On August 19, 2009, the Court issued a Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings. (Doc. No. 20.) Thereafter, on September 3, 2009, Defendant filed a Request for Reconsideration of Case Management Conference Order requesting application of the Local Rules for the Eastern District of California and various modifications to the pretrial requirements in civil cases, among other requests. (Doc. No. 21.) Plaintiff has filed an Opposition to Defendant's Request. (Doc. No. 22.)

**Defendant's Request for Reconsideration**

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 263 U.S. App. D.C. 300, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare

1  <u>Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd
2  in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration,
3  Local Rule 72-303 requires a party to "designate the ruling, or part thereof, objected to and the
4  basis for that objection."

5      The Court has considered the Request as well as Plaintiff's Opposition.  The Court
6  determines that the Local Rules for the Eastern District of California are applicable in this civil
7  case and the  Case Management Conference Order Regulating Discovery and Other Pretrial
8  Proceedings will be amended accordingly.  However, the parties are still required to adhere to
9  the "meet and confer" requirement under the local rules for discovery and all pretrial
10 proceedings.  The parties may determine how best to satisfy the requirements given their current
11 positions.  Lastly, this Court maintains the final pretrial conference is scheduled on the calendar
12 of Judge M. James Lorenz on June 7, 2010 at 11:00 a.m.  The parties may contact Judge Lorenz'
13 chambers to determine the status of this conference prior to the conference date.

14     **Amended Case Management Conference Order**

15     In light of these reconsideration, the Court amends the  Case Management Conference
16 Order Regulating Discovery and Other Pretrial Proceedings as follows:

17     **IT IS HEREBY ORDERED**:

18     1.    Each party shall serve on all opposing parties a list of experts, whom that party
19 expects to call at trial, on or before November 20, 2009. Each party may supplement its
20 designation in response to the other party's designation no later than December 11, 2009. Expert
21 designations shall include the name, address, and telephone number of each expert and a
22 reasonable summary of the testimony the expert is expected to provide. The list shall also
23 include the normal rates the expert charges for deposition and trial testimony.

24     The parties must identify <u>any</u> person who may be used at trial to present evidence
25 pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u>
26 limited to retained experts.

27     2.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all
28 parties on or before <u>January 22, 2010</u>. Any contradictory or rebuttal information shall be

disclosed on or before <u>February 5, 2010</u>. In addition, Fed. R. Civ. P. 26(e)(2) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). The parties are advised to consult with Fed. R. Civ. P. 26(a)(2) regarding expert disclosures. Such disclosures shall include an expert report, all supporting materials, a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information considered by the expert in forming the opinions, any exhibits to be used as a summary of or support for the opinions, the qualifications of the witness including a list of all publications authored by the witness within the preceding ten years, the compensation to be paid for the study and testimony, and a list of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

       3.     **<u>Procedures for Obtaining Internal Law Enforcement Documents</u>**: The parties anticipate seeking discovery of internal law enforcement documents.  This Court adheres to the procedure set forth in <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227 (S.D. Cal. 1993), for obtainment of such records.

    If an issue arises with respect to discovery of such records, Plaintiff is required to provide all defense counsel with a letter outlining the documents desired from the law enforcement agency.  While Plaintiff has a right to review documents from the law enforcement agency which are relevant and are reasonably calculated to lead to the discovery of admissible evidence, Plaintiff's right to those documents is not infinite.  Limitations are imposed on discovery of these records based upon the nature of the complaint and the nature of the documents.  The letter from Plaintiff and the response from the law enforcement agency should define the documents requested and basis for discovery and assertion of privilege for each item.

    If an agreement cannot be reached between the parties as to discoverable items, the parties are directed to schedule a meeting with Magistrate Judge Lewis to resolve disagreements. The parties are instructed to send to Magistrate Judge Lewis a copy of all correspondence related

to the foregoing. All files/documents of the law enforcement agency related to the officer/deputy must be identified (regardless of any claimed protection or privilege) such that Plaintiff can reasonably identify and challenge the withholding of any documents. To facilitate review, the law enforcement agency is directed to prepare an index of documents (without disclosing the substance of the document) and, in addition, number each document in a way that would lend itself to later identification. The law enforcement agency is also directed to set forth any objection related to production of any particular document.

The law enforcement agency must then identify any documents it is willing to disclose to Plaintiff without objection and deliver any such documents to Plaintiff forthwith. As to the files/documents to which an objection to production has been asserted, upon Order from the Court, all such files/documents are to be delivered to the Court for an in camera review. After receipt, Magistrate Judge Lewis will review only those documents the law enforcement agency indicates should not be disclosed and will issue an order to all parties regarding disclosure.

The Court preliminarily determines Plaintiff is entitled to all "factual" documents relevant to the issues defined within the pleadings and limited only as described herein. The Court will not order the production of any "interpretive/evaluative" documents or any such entries contained on documents.

The Court recognizes there may be other agency files Plaintiff may wish to obtain that are not directly related to the officer/deputy in question but which provide potential evidence regarding the policies and conduct of the law enforcement agency. As to those files or documents, a "meet and confer" is appropriate to discuss an agreeable format. Please contact Magistrate Judge Lewis' Law Clerk if you desire such a meeting.

4. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5. **All discovery, including expert discovery, shall be completed on or before <u>March 19, 2010</u>.** "Completed" means that all discovery under Rules 30-36 of the Federal Rules

of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

6.     All other pretrial motions must be filed on or before April 19, 2010. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Failure to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge who will hear the motion.

7.     A telephonic **Mandatory Settlement Conference** shall be conducted on **January 7, 2010**, **at 10:00 a.m.** with Magistrate Judge Peter C. Lewis.  Defendant's counsel is responsible for arranging Plaintiff's telephonic appearance. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than December 18, 2009.

SETTLEMENT CONFERENCE BRIEFS: Parties may lodge a confidential settlement brief prior to the Mandatory Settlement Conference.  Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits

helpful judicial opinions and information about the settlement or judgment value of comparable cases. In addition, each brief shall set forth the following confidential information:

    (1) A brief analysis of the key issues involved in the litigation;

    (2) A description of the strongest and weakest legal and factual points in the party's case;

    (3) A description of the strongest and weakest legal and factual points in the opponent's case;

    (4) The status of any settlement negotiations, including the last settlement proposal made by each party; and

    (5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should mail, electronically mail [efile_lewis@casd.uscourts.gov], or fax the settlement briefs directly to chambers at (760) 353-9143. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court**.

    8.    The parties must comply with the Pretrial disclosure requirements of Fed.R.Civ.P. 26(a)(3) on or before <u>May 7, 2010</u>. The parties should consult Fed. R. Civ. P. 26(a)(3) for the substance of the required disclosures.

    9.    No Memoranda of Contentions of Fact and Law are to be filed unless so ordered by the Court.

    10.    Counsel shall meet and confer on or before <u>May 21, 2010</u>. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify, and written contentions of applicable facts and law. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

    11.    The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged

1  with the Clerk of the Court on or before <u>May 28, 2010</u>.  Any objections shall comply with the
2  requirements of Fed. R. Civ. P. 26(a)(3). Please be advised that the failure to file written
3  objections to a party's pretrial disclosures may result in the waiver of such objections, with the
4  exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or
5  waste of time) of the Federal Rules of Evidence.  Counsel shall also bring a court copy of the
6  pretrial order to the pretrial conference.

7         12.    The final pretrial conference is scheduled on the calendar of the Honorable James
8  M. Lorenz, United States District Court Judge, on **<u>June 7, 2010</u>, at 11:00 a.m.**

9         13.    The dates and times set forth herein will not be further modified except for good
10 cause shown.

11         14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case
12 hereafter.

13   **IT IS SO ORDERED.**

14  DATE: <u>October 22, 2009</u>

15
                                           _____
                                           Peter C. Lewis
16                                         U.S. Magistrate Judge
                                           United States District Court
17

18  cc:     The Honorable M. James Lorenz
            All Parties and Counsel of Record
19