UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT,<br><br>                              Plaintiff,<br><br>vs.<br><br>M. BAIRES,<br><br>                              Defendant. | Civil No.   1:08cv01165-MJL(PCL)<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT PLAINTIFF'S REQUEST FOR MOTION HEARING DATE;**<br><br>**(2) PROVIDING PLAINTIFF KLINGELE/RAND NOTICE; and**<br><br>**(3) SETTING BRIEFING SCHEDULE RE CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Dkt Nos. 28, 29]** |

By Order entered December 16, 2009, the Court set a briefing schedule for resolution of the Motion For Summary Judgment filed by plaintiff James E. Bryant ("Bryant"), a state prisoner proceeding *pro se* and *in forma pauperis* with a First Amended Complaint ("FAC") in this 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to a serious medical need. (Dkt No. 27.) On December 29, 2009, Bryant filed a Motion For Hearing Date Regarding Motion For Summary Judgment, apparently before he received the December 16, 2009 Order setting the briefing schedule. (Dkt No. 29.) As that Order disposes of his request, the Motion is **DENIED AS MOOT**.

Defendant has informed the Court, in a Motion For Briefing Schedule, he anticipates timely filing his Opposition to Bryant's Motion For Summary Judgment, but has requested relief from the Eastern District local civil rule requiring the concurrent service and filing of an anticipated cross-motion for summary judgment. (Dkt No. 28.) Defendant is awaiting receipt of certain discovery necessary to the determination whether to file a cross-motion. Counsel represents that discovery should be completed by early February. (Dkt No. 28, Brodbeck Decl. ¶¶ 2-6.) The last day to file all pretrial motions under the Case Management Order governing this matter is April 19, 2010, the extended filing date Defendant requests. (Dkt No. 20.) For good cause shown, Defendant's Motion is **GRANTED**, but with a shortened filing deadline of March 1, 2010.

As required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), **the Court hereby notifies Bryant that if Defendant proceeds with the filing of a Cross-Motion For Summary Judgment pursuant to FED.R.CIV.P. 56 ("Rule 56"), he will be seeking to have this case dismissed.**[1] **If the Cross-Motion is granted, it will end the case.**

Rule 56 informs parties what they must do in order to oppose a Motion for Summary Judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of the case -- and the party who asked for summary judgment is entitled to judgment as a matter of law. A grant of summary judgment ends the case in favor of the successful moving party.

When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.

---

[1] Klingele and Rand together require the district court "as a bare minimum," to ensure that a *pro se* prisoner has "fair notice of the requirements of the summary judgment rule." Klingele, 849 F.2d at 411 (quotations omitted). "It would not be realistic to impute to a prison inmate ... an instinctual awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4, 1365 n.8 (9th Cir. 1986) (internal quotation omitted). Judicial explanation of this process is required. Rand, 113 F.3d at 1523, *citing* Klingele, 849 F.2d at 411-12. The district court must ensure the prisoner knows "about his 'right to file counter-affidavits or other responsive materials and [to] alert[] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him.' " Jacobsen, 790 F.2d at 1365 n.8, *quoting* Klingele, 849 F.2d at 411.

Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment may be entered against you.  **If the Court grants summary judgment for Defendant, there will be no trial, and your case will be dismissed**.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. The deadline for Bryant to file a Reply to Defendant's Opposition to Bryant's pending Motion For Summary Judgment **remains *January 19, 2010***.

2. If Defendant elects to file a Cross-Motion For Summary Judgment, he shall do so on or before ***March 1, 2010***.  If no Cross-Motion is timely filed, the Court will proceed to decide Bryant's Motion thereafter on the papers, and without oral argument.

3. If Defendant timely files a Cross-Motion For Summary Judgment:

   a.  Bryant may serve and file an Opposition to the Cross-Motion no later than ***March 29, 2010***.

   b. Defendant may serve and file a Reply to the Cross-Motion Opposition no later than ***April 12, 2010***.

   c. Absent further Order of the Court, both Bryant's Motion and Defendant's Cross-Motion will be considered fully briefed on the passage of Defendant's Cross-Motion Reply deadline, with both to be decided thereafter on the papers, without oral argument.

**IT IS SO ORDERED.**


DATED: January 5, 2010

M. James Lorenz
United States District Court Judge