IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES E. BRYANT,** <br><br> Plaintiff, <br><br> v. <br><br> **M. BAIRES,** <br><br> Defendant. | Case No. 08cv1165 MJL (PCL) <br><br> **ORDER GRANTING LEAVE TO DEPOSE PLAINTIFF AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** <br><br> **(Doc. No. 36.)** |

### INTRODUCTION

Plaintiff James E. Bryant is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.)  On February 9, 2010, Plaintiff filed a motion for an Order Pursuant to Code of Civil Procedure Section 596 for the Taking of Plaintiff's Deposition Before Magistrate Judge Lewis or Presiding Judge and Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (Doc. No. 36.)  For the reasons set forth below, leave to depose Plaintiff with Magistrate Judge Lewis available by telephone during deposition is **GRANTED** and Plaintiff's motion for Appointment of Counsel is **DENIED**.

### DISCUSSION

**A.**  **Leave to Depose Plaintiff**

Plaintiff requests his deposition be taken via video conference before Judge Peter C. Lewis at the California Substance Abuse Treatment Facility and State Prison.  (Doc. No. 36, 1.) Plaintiff bases his request to have Judge Peter Lewis, or the Presiding Judge, present by video conference because "plaintiff is not represented by counsel, and unknowledgeable of required procedures."  (Id.)

1        Under the Federal Rules of Civil Procedure, a party in a civil case may take the deposition of a person confined in prison only with leave of court.  Fed. R. Civ. Proc. 30(a)(2)(B) (WEST 2009).   However, the Federal Rules make no provision for the presence of the presiding judge at a deposition of a party and Plaintiff has cited no authority in support of his request other than his lack of counsel in this litigation.

       As Plaintiff is proceeding *in pro per* and is currently in the custody of the California Department of Corrections and Rehabilitation at Ironwood State Prison, leave of court for the taking of Plaintiff's deposition is GRANTED pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure. The deposition of James E. Bryant may be taken at California Substance Abuse Treatment Facility and State Prison upon reasonable notice as provided by Rule 30(b). Magistrate Judge Peter C. Lewis will be available by telephone on the noticed date and time of the deposition to settle grievous disputes between the parties.  This deposition must be taken BEFORE the deadline of **June 30, 2010** imposed by this Court in the Order Granting Motion to Modify Scheduling Order filed concurrently with this Order.

**B.     Motion for Appointment of Counsel**

       Plaintiff "further seeks an[] order of court for the appointment of counsel for these proceeding[s] for the protections of rights and the insurance of a fair process on behalf of plaintiff who is not a lawyer."  (Doc. No. 36, 2.)

       Section 1915(e)(1) of Title 28 of the United States Code provides that "[t]he court may request an attorney to represent any person unable to afford counsel" and thus confers upon a district court the discretion to designate counsel to represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); see also United States v. 30.64 Acres of Land, 795 F.2d 796, 803-804 (9th Cir. 1986) (holding that "[i]n an appropriate case, a federal court has a duty under section 1915[e] to assist a party in obtaining counsel willing to serve for little or no compensation").

       However, the court may appoint counsel under Section 1915(e) only under "exceptional circumstances." Wilborn, 789 F.2d at 1331 (citation omitted). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the

1  ability of the petitioner to articulate his claims pro se in light of the complexity of the legal
2  issues involved. Neither of these factors is dispositive and both must be viewed together before
3  reaching a decision on request of counsel under section 1915[e]." Id. (citations and internal
4  quotations omitted).

5       Plaintiff has not made the showing required for appointment of counsel in civil cases.
6  First, Plaintiff fails to demonstrate a likelihood of success on the merits. At this point in the
7  proceedings, the parties are still engaged in the discovery process and no decision has been
8  rendered on Plaintiff's pending Motion for Summary Judgement. (Doc. No. 26.) Therefore, the
9  likelihood of success is not determinable at this point in the litigation.

10       Regarding the second prong of the analysis, Plaintiff puts forth several arguments in
11  support of his request for appointed counsel. Specifically, Plaintiff claims he is not competent
12  enough to be his own advocate in this matter. (Doc. No. 36, 2.) However, this factor does not
13  show exceptional circumstances to Plaintiff's case. Instead, this issue appears indicative of
14  difficulties which any incarcerated litigant would have proceeding *pro se*. Moreover, to date,
15  Plaintiff has shown no lack of ability to articulate his claims *pro se*. The Court notes Plaintiff has
16  filed the operative complaint (Doc. No. 12) preceded by his original complaint (Doc. No. 1), two
17  Oppositions in response to Defendants' Motions (Doc. No. 22; 33), the instant Motion for
18  Appointment of Counsel (doc. No. 36) , and a Motion for Summary Judgment. (Doc. No. 26.)
19  His filings are fairly organized, responsive and present the issues and arguments with adequate
20  clarity and efficiency.

21       Furthermore, *pro se* litigants are afforded some leniency to compensate for their lack of
22  legal training. "In civil rights cases where the plaintiff appears pro se, the court must construe
23  the pleadings liberally and must afford plaintiff the benefit of any doubt." Jackson v. Carey, 353
24  F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This requirement of liberality applies to
25  motions. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (internal
26  citations omitted). Therefore, Plaintiff may be assured his *pro se* status will be taken into account
27  by the Court reviewing his papers or presiding over any other proceeding in Plaintiff's case.
28

1 | Based on the foregoing, Plaintiff's motion for appointment of counsel is **DENIED**
2 | without prejudice.
3 | DATE: March 5, 2010

5 | U.S. Magistrate Judge
United States District Court

7 | cc:   The Honorable M. James Lorenz
         All Parties and Counsel of Record

08 CV 1165 MJL (PCL)