# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| JAMES E. BRYANT,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>M. BAIRES,<br><br>　　　　　　　　　Defendant. | Civil No.　　1:08cv01165-MJL(PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Dkt No. 26]** |

Plaintiff James E. Bryant ("Bryant"), a state prisoner incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California, is proceeding *pro se* and *in forma pauperis* with a First Amended Complaint ("FAC") in this 42 U.S.C. § 1983 civil rights action alleging deliberate indifference to a serious medical need. (Dkt No. 12.) The record reflects he exhausted his administrative remedies before filing his federal action, as required by the Prison Litigation Reform Act of 1995. 42 U.S.C. § 1997e(a). This matter is before the Court on Bryant's Motion For Summary Judgment ("Motion").[1] (Dkt No. 26.) The Court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED**.

\\

---

[1] The case was re-assigned for all purposes from the bench of the Eastern District of California to this Court on November 25, 2008. [Doc. No. 9].

**I.     BACKGROUND**

Bryant states his claim in the FAC, in its entirety:

> On January 10, 2008, plaintiff was ill when summon[ed] to the office of Lieutenant M. Baires, on D-Facility. Arriving at defendant[']s office of [illegible], plaintiff immediately advised defendant of his feeling ill, and requested a postponement of the meeting, to a late[r] time and date, so that he could immediately go to the prison Health care facility to get help. Defendant[']s response was, ["]No, I don't care what you're going through. I'm not honoring your request." The meeting was held without plaintiff saying anything further due to his illness. At the conclusion of the meeting plaintiff was told to get out of defendant[']s office, which plaintiff did immediately, reported to the prison Health care services with a cardiac condition, was immediately sent out of the prison by ambulance to an outside Hospital where he recuperated for (4) days after admission thereto from the emergency room,[2] was return[ed] to the prison on January 14, 2008, after receiving documentation of the January 10th meeting, and noting that the defendant lied on a state document when he said: "<u>Bryant acknowledged that he was in good health</u>."
>
> Former statement of facts shows this was not true [illegible] the case, appealed only that issue of the appeal [*sic*], which was never addressed on any level of the appeal, like this court **they all assume plaintiff was appealing the disciplinary, which is not the case of contesting** [*sic*]**, only the fact that due to plaintiff's ill health at the time of the meeting, that meeting should have been postponed and plaintiff allowed to go to the doctor immediately, since plaintiff was having cardiac difficulties** and the facts prove this.[3] Secondly: By defendant Baires authoring the statement that plaintiff acknowledge[d] being in good health is a bold face lie on a state document is a violation of fraudulent reporting on a state document, when the facts say otherwise. Also in that document the defendant authored that plaintiff

---

[2] The hospital admission record from January 10, 2008, provided in Exhibit D of Bryant's Motion, identifies him as "[a]n 81-year-old male from the prison" born "11/12/1926" who "came in because he has weakness and change in mental status, with aphasia and dysarthria." (Dkt No. 26 at 43.) The admitting doctor noted he began "to speak better and felt better" with his high blood pressure dropping after treatment "by IV antihypertensive medication," "he feels good" and "started to wake up a little bit and his weakness was much less." (<u>Id.</u>) "However, patient could have TIA or have hypertension. Followup shows he is getting better. With high risk, I am going to admit the patient to the hospital to rule out TIA or acute CVA." (<u>Id.</u>)

[3] Bryant provides as Motion Exhibit A the underlying Rules Violation Report ("RVR"), a form which also records Officer Baires' adjudication result from January 10, 2008. (Dkt No. 26 at 16-19). He provides the Second Level Response result in Motion Exhibit C (<u>Id.</u> at 35-36) as well as the Director's Level Appeal Decision (<u>Id.</u> at 38-39). In appealing from the Second Level review result, Bryant complained: "The reviewer did not address the issue complained of," recited to be the issue of his ill health at the hearing and Officer Baires' purported lies in his report that Bryant said at the time he was in good health. (<u>Id.</u> at 37.) His challenges may have created some ambiguity in the administrative review process, as highlighted by his additional representations in his Affidavit in support of the Motion: "[¶] 1. On January 10, 2008, I was having heart problems and sever[ly] high blood pressure, and was in gross pain and suffering an on-set of cardiac arrest, when Defendant ordered me to his office for a disciplinary hearing **on a non-existing prison rules violation stated as 'Manipulation of Staff**. . . ." (Dkt No. 26 at 74 (emphasis added).)

> stated that: "there are no reasons to delay the hearing," also a bold face lie perpetrated by defendant Baires on a state document in violation of the California Penal Codes sections 131, 132, 141(b).[4]

(FAC pp. 3-4 (bold emphasis added).)

## II.      DISCUSSION

### A.      Legal Standards

#### 1.      42 U.S.C. § 1983 ("Section 1983")

Section 1983 creates a procedure for the vindication of constitutional rights violations without itself according any substantive rights.

> [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [Citations.]

Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

To establish the liability of a person acting under color of state law, the plaintiff must establish the defendant's personal participation in the alleged rights deprivation. There is no *respondeat superior* liability under Section 1983. Monell v. Dept. of Soc. Servs, 436 U.S. 658 (1978). The named government official must have caused the constitutional harm through his or her individual actions.

#### 2.      Summary Judgment Standard Of Review

Summary judgment is properly entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. ("Rule") 56(c); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 256 (1986); *see also* Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." S.E.C. v.

---

[4] Bryant's fraud allegation that Officer Baires lied in his report of the hearing and RVR disposition in violation of state law does not appear to raise any federal constitutional issue nor to advance his Eighth Amendment claim, and the defendant denies that allegation in his sworn Declaration.

1  Seaboard Corp., 677 F.2d 1301, 306 (9th Cir. 1982).

2  Any party "may move, with or without supporting affidavits, for summary judgment on all or
3  part of the claim." Rule 56(a), (b). The movant bears the initial burden of identifying the elements of
4  the claim which that party "believes demonstrates absence of a genuine issue of material fact" so that
5  summary judgment is proper under controlling law. Celotex, 477 U.S. at 323; Taylor v. List, 880 F.2d
6  1040, 1045 (9th Cir. 1989); *see also* Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The
7  movant is not required to produce evidence negating the non-movant's claims. Lujan v. Nat'l Wildlife
8  Fed'n, 497 U.S. 871, 885 (1990) ("the purpose of Rule 56 is to enable a party who believes there is no
9  genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn
10 averment of that fact before the lengthy process of litigation continues"). If the movant carries its
11 burden, the burden then shifts to the non-moving party to establish facts beyond the pleadings showing
12 there remains a triable issue of disputed material fact so that summary judgment is not appropriate.
13 Celotex, 477 U.S. at 324; Adickes, 398 U.S. at 157; *see also* Arpin v. Santa Clara Valley Transp.
14 Agency, 261 F.3d 912, 919 (9th Cir. 2001).

15 To successfully rebut a properly supported summary judgment motion, the non-moving party
16 "must point to some facts in the record that demonstrate a genuine issue of material fact and, with all
17 reasonable inferences made in the [nonmoving party's] favor, could convince a reasonable jury to find
18 for [that party]." Reese v. Jefferson School Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000). The party
19 opposing summary judgment must present "significant, probative evidence tending to support [its]
20 allegations" beyond the pleadings that there is a genuine issue for trial. Bias, 508 F.3d at 1218 (citations
21 omitted); *see* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The
22 specific facts must raise a material issue that "can be resolved only by a finder of fact because [it] may
23 reasonably be resolved in favor of either party." Anderson. 477 U.S. at 256.

24 In deciding a summary judgment motion, the court does not make credibility determinations,
25 weigh conflicting evidence, or draw inferences, as those are functions reserved for the trier of fact.
26 Anderson, 477 U.S. at 249, 255; *see also* Arpin, 261 F.3d at 919. Rather, the court considers the
27 evidence in the light most favorable to the non-moving party and accepts the version of disputed facts
28 most favorable to that party. Anderson, 477 U.S. at 255; *see* Lujan, 497 U.S. at 888 ("In ruling upon

1  a Rule 56 motion, 'a District Court must resolve any factual issues of controversy in favor of the
2  non-moving party' only in the sense that, where the facts specifically averred by that party contradict
3  facts specifically averred by the movant, the motion must be denied") (citations omitted). "Where the
4  record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is
5  no 'genuine issue for trial.' " <u>Matsushita</u>, 475 U.S. at 587 (citation omitted); <u>Anderson</u>, 477 U.S. at 250-
6  251 (summary judgment must be entered in favor of the moving party "if, under the governing law, there
7  can be but one reasonable conclusion as to the verdict"); <u>Celotex</u>, 477 U.S. at 325.  Conversely, "[i]f
8  reasonable minds could differ," the judgment should not be entered. <u>Anderson</u>, 477 U.S. at 250-51.

### 3.     **Eighth Amendment**

10  The Eighth Amendment protects prisoners from inhumane conditions of confinement as well as
11  from inhumane methods of punishment. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).
12  In order to establish a constitutional violation, plaintiffs must satisfy both an objective component and
13  a subjective component of a two-part test:  (1) "the prison official deprived the prisoner of the 'minimal
14  civilized measure of life's necessities,' " and (2) "the prison official 'acted with deliberate indifference
15  in doing so.' " <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir. 2004), *quoting* <u>Hallett v. Morgan</u>, 296
16  F.3d 732, 744 (9th Cir. 2002).  To make out an unconstitutional conditions-of-confinement claim, the
17  challenged deprivation must be "extreme."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).

18  In the medical context, liability hinges on the seriousness of the prisoner's medical needs, the
19  nature of the defendant's response to those needs, and a culpable state of mind. <u>McGuckin v. Smith</u>, 974
20  F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* <u>WMX Technologies v. Miller</u>, 104 F.3d
21  1133 (9th Cir. 1997).  First, the prisoner must demonstrate the existence of a serious medical condition
22  of which the prison official was or should have been aware, and the alleged deprivation must be
23  objectively "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994); <u>Estelle v. Gamble</u>, 429
24  U.S. 97, 104-05 (1976).  Second, once the prisoner's medical needs and the nature of the official's
25  response to those needs have been established, a "deliberate indifference" determination can be made.
26  <u>Wilson v. Seiter</u>, 501 U.S. 291, 298-99 (1991) (resolution of a claim "that the official has inflicted cruel
27  and unusual punishment" necessarily entails "inquiry into the prison official's state of mind").

28  A plaintiff must allege facts sufficient to support the inference that the named prison official

knew of and disregarded a substantial risk of serious harm to the plaintiff "by failing to take reasonable measures to abate it" in order to satisfy the deliberate indifference element. Farmer, 511 U.S. at 847, 834 (the official must act with a "sufficiently culpable state of mind," entailing more than mere negligence, but less than conduct undertaken for the very purpose of causing harm), *quoting* Wilson, 501 U.S. at 297.  Deliberate indifference involves a "purposeful act or failure to act on the part of the defendant" in response to the inmate's pain or medical need. Estelle, 429 U.S. at 105; *see also* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

> To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is *obduracy and wantonness, not inadvertence or error in good faith*, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.

Wilson, 501 U.S. at 298-99, *quoting* Whitley v. Albers, 475 U.S. 312, 319 (1986).

"Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay, or intentionally interfere with medical treatment.' " Hallett, 296 F.3d at 744 (citations omitted), *quoting* Estelle, 429 U.S. at 104.  The Eighth Amendment is violated if "delays occurred to patients with problems so severe that delays would cause significant harm and that Defendants should have known this to be the case." Id.  "[T]he more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established 'deliberate indifference' on the part of the defendant." McGuckin, 974 F.2d at 1061, 1060 ("[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established").  No matter how severe the risk, for liability to attach, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837) (citation omitted); *see also* Hunt v. Dental Dep't, 865 F.2d 198, 201 (9th Cir. 1989) (an "isolated occurrence of neglect" does not establish deliberate indifference).

### B.    Triable Issues Of Material Fact Preclude Summary Judgment For Plaintiff

There is no dispute Officer Baires was acting under color of state law in his capacity as hearing officer when he summoned Bryant to his prison office on January 10, 2008 to address the "manipulation

of staff" RVR. Bryant asks the Court to summarily adjudicate his contention the hearing "should have been postponed and plaintiff allowed to go to the doctor immediately, since plaintiff was having cardiac difficulties" (FAC p. 4), and failure to do so violated his constitutional right to be free from cruel and unusual punishment. He emphasizes the narrow scope of his federal claim: "This is not about the RVR or the hearing, it is about the defendant[']s apparent lack of concern for prisoners under his supervision and charge, and the apparent deliberate indifference he showed on that date and time. . . ." (Bryant Affidavit ¶ 2, Dkt No. 26 at 75.)

Bryant provides as Motion exhibits documentation substantiating his medical conditions. The Court assumes, *arguendo*, solely for purpose of deciding this Motion, and without making the finding, his medical conditions are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Accordingly, the disposition of the Motion depends on whether Officer Baires raises any triable issue of material fact with respect to the subjective components of his knowledge of Bryant's alleged serious illness coupled with his deliberate indifference to his medical needs. Bryant's FAC is a verified complaint. (Dkt No. 12.) The Court construes it here as the functional equivalent of a Declaration under penalty of perjury and therefore competent evidence under Rule 56. In addition, contrary to Defendant's representation (Opp. Separate Statement, Dkt No. 30-2, 1:22-23 ("Nor did Plaintiff have an affidavit to support his version of the facts in his Motion")), Bryant provided a sworn Affidavit in support of his Motion. (Dkt No. 26 at 74-77.) He contends in both the verified FAC and his Affidavit that when he arrived for the RVR meeting, he immediately told Officer Baires he was ill and requested a postponement. From that representation, Bryant urges the Court to conclude:

> 3. . . . The entire record can not show any dispute of the issue of deliberate indifference stated and exhibited by the defendant, and there is no dispute that defendant M. Baires perpetrated a fraud on a state document when he said plaintiff was in good health, that to[o] is direct evidence and can not be disputed. There are no other issues raised in this action and therefore it is evident there is certainly no dispute on either issue.

(Bryant Affidavit, Dkt No. 26 at 76.)

Officer Baires provides a sworn Declaration in opposition to Bryant's Motion.[5] He denies

---

[5] *See also* Defendant's Separate Statement Of Plaintiff's Undisputed Facts. Bryant provided no Separate Statement. Defendant culled from the verified Complaint and Amended Complaint the facts Bryant alleges in support of his claim, charted with Defendant's responses and citations to supporting evidence. (Dkt No. 30-2.)

Bryant told him he was feeling ill or wanted a continuance of the hearing. On the contrary, he declares:

> 8. At the beginning of the hearing on January 10, 2008, I asked Bryant if he had any health reason that the RVR hearing could not begin, and Bryant responded to me that he was in good health. . . .
>
> 10. On January 10, 2008, I asked Bryant if there was any other reason that he felt the RVR hearing could not begin, and he stated that there was no reason that the hearing could not go forward. . . .
>
> 12. At no time on January 10, 2008, did Bryant tell me that he was not feeling well or ask for medical attention. During the hearing on January 10, 2008, Bryant did not exhibit any outward signs that he was not in good health.
>
> 13. At the conclusion of the hearing on January 10, 2008, I observed Bryant leave my office, and he did not stagger or appear as though he had any difficulty in walking.

(Baires Decl., Dkt No. 30-7.)

Officer Baires further represents:

> 15. Had Bryant stated to me at any time during the RVR hearing that he was not feeling well and asked for a continuance of the hearing, his request would have been granted. I would have advised Bryant to go immediately to health services. If Bryant would have said that he could not get himself to health services, medical staff would have been called to my office where the hearing was being conducted.

(Dkt No. 30-7.)

Defendant thus first challenges Bryant's claim of deliberate indifference to a serious medical need by denying under oath that Bryant made him aware he felt ill and wanted to postpone the hearing, asserting instead Bryant affirmatively stated he was in good health and there was no reason the hearing could not go forward. Second, Officer Baires contends "a statement that a person is not feeling well does not give rise to any sense of awareness that a disregard of that person's feelings poses any serious risk of harm." (Opp. Dkt No. 30, 5:14-15.) Third, Baires contends even if Bryant said he was not feeling well and even if Baires told Bryant he did not care how Bryant felt, as Bryant alleges, "such an alleged statement and response does not satisfy the subjective component of deliberate indifference – a knowing disregard of an excessive risk of harm." (Id. at 5:15-18.) Thus, the "fact[s] surrounding Bryant's deliberate indifference claim are in clear dispute."[6] (Id. at 30 5:7-9.)

---

[6] The defendant also argues the claim lacks an essential element: "Neither the Amended Complaint, nor Bryant's Motion clearly identify what injury or harm, if any at all, was caused by Baires' alleged refusal to postpone the hearing and/or Baires' alleged statement that he did not care how Bryant was feeling." (Opp. 2:10-12.). *See* Shapely v. Nevada Bd. of Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (*per curiam*) (a delay in

In his Reply, Bryant urges the Court to disregard Officer Baires' statements, arguing he is "not credible" when he denies the FAC allegations in opposition to the Motion and in his discovery responses (provided as Motion Exhibit B). However, credibility determinations are for the finder of fact, not for the court applying Rule 56 summary judgment standards. Anderson, 477 U.S. at 249, 255. In addition, Bryant's proffered additional evidence that other complaints purportedly have been lodged against Officer Baires by other inmates on other occasions involving other conduct does not inform the question whether his conduct at Bryant's January 10, 2008 disciplinary hearing entailed deliberate indifference to Bryant's serious medical needs at that time and place. Finally, he does not link his personal medical records evidence to any evidence Officer's Baires was aware of his documented conditions. Even if he was, that evidence does not advance Bryant's claim that at the time of the hearing, Baires was deliberately indifferent to an acute medical need by consciously disregarding it.

Without expressing any opinion on the credibility of the declarants, the sufficiency of the evidence, or the ultimate merits of Bryant's Eighth Amendment claim, the Court finds the defendant has carried his shifted burden to show that summary judgment for plaintiff is not appropriate. The parties' evidence directly conflicts on essential elements of the claim, creating genuine issues of disputed material fact for trial.

### III.    CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** plaintiff Bryant's Motion For Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 11, 2010

---

medical treatment must lead to further injury to support a claim for deliberate indifference). It appears to be undisputed the meeting lasted approximately ten minutes. (Opp. 2: "The hearing on January 10, 2008 commenced at 11:35 a.m. and concluded at approximately 11:45 a.m."; Baires Decl. ¶ 11.) Bryant asserts he went directly to health services thereafter. He received attention there before being transported by ambulance to the hospital, all within about two hours. (*See* Opp. Dkt No. 30, Exhs A-C.) Nevertheless, the Court need not reach that issue because summary judgment in Bryant's favor must be denied based on the material factual dispute created by the parties' directly conflicting representations regarding whether Officer Baires was aware of Bryant's need for medical attention at the time. *See* Lujan, 497 U.S. at 888.

-9-                                                                                            E.D. California 1:08cv1165-MJL(PCL)

                    M. James Lorenz
                    United States District Court Judge